IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, L.L.C., a Utah limited liability company,<br><br>    Plaintiff,<br><br>             v.<br><br>WORLDWIDE PRINTING AND DISTRIBUTION, INC., an Oklahoma corporation, and JAMES R. MOORE, an individual, and ASPECT SOFTWARE, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SANCTIONS AND MOTION FOR IN CAMERA REVIEW<br><br><br>Case No. 2:11-CV-778 TS |

This matter is before the Court on Plaintiff Tetra Financial Group, LLC's Motion for Sanctions Under 28 U.S.C. § 1927.[1] Also before the Court is Attorney Brandon J. Mark's ("Mr. Mark") Ex Parte Motion for Leave to Submit Confidential Declarations in Opposition to Tetra's Motion for Sanctions for In Camera Review.[2] For the reasons discussed more fully below, the Court will deny both motions.

---

[1]Docket No. 51.

[2]Docket No. 57.

1

I.  BACKGROUND

Plaintiff filed a complaint initiating the underlying civil case on August 26, 2011.  On November 29, 2011, Plaintiff filed an amended complaint bringing five causes of action against three separate Defendants.  Plaintiff's claims centered on the alleged breach of a Master Lease Agreement entered into by Plaintiff and Defendant Worldwide Printing and Distribution, Inc. ("Worldwide").  On October 13, 2011, Defendants Worldwide and James R. Moore ("Defendants") filed an answer to the original complaint and brought counterclaims against Plaintiff.  Defendants' fourth counterclaim—at issue in the instant motions—included allegations of fraud and fraudulent non-disclosure against Plaintiff.

Over the course of the next few months: (1) the parties entered a stipulated protective order relating to the discovery of confidential materials; (2) Plaintiff filed a motion to dismiss various of Defendants' counterclaims and a motion to strike certain allegations contained in Defendants' counterclaims; (3) with leave of the Court, Mr. Mark withdrew as counsel for Defendants; and (4) the parties entered settlement discussions.  No discovery was completed beyond the deposition of Defendant James Moore taken by Plaintiff as a condition of entering into settlement discussions.

On February 7, 2012, the parties filed a stipulated motion of dismissal which the Court granted on February 9, 2012.  Shortly thereafter, on February 17, 2012, Plaintiff filed the instant Motion for Sanctions against Defendants' previous attorney Mr. Mark.

II.  DISCUSSION

Plaintiff moves the Court to sanction Mr. Mark under 28 U.S.C. § 1927 and requests that Mr. Mark be required to compensate TFG for all fees it incurred litigating this matter.

Section "1927 permits, but does not require, the district court to impose sanctions in the form of excess costs, expenses, and attorney's fees on 'any attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously.'"[3]  "[T]he power to assess costs against an attorney under § 1927 is a power that must be strictly construed and utilized only in instances evidencing a serious . . . disregard for the orderly process of justice."[4]  Applying an objective bad faith standard, sanctions under § 1927 "are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation."[5]

Here, Plaintiff asserts that Mr. Mark violated § 1927 "by intentionally acting without a plausible basis in filing the [c]ounterclaim and because the entire course of these proceedings concerning the [c]ounterclaim was unwarranted."[6]  Where, as here, "counsel's alleged misconduct was the filing and arguing of a claim, it is not sufficient that the claim be found

---

[3]*Ctr. for Legal Advocacy v. Earnest*, 89 F. App'x 192, 193 (10th Cir. 2004) (unpublished) (quoting 28 U.S.C. § 1927).

[4]*Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (internal quotation marks and citations omitted).

[5]*Ctr. for Legal Advocacy*, 89 F. App'x at 193 (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)).

[6]Docket No. 51, at 1.

meritless; the claim must be without a plausible legal or factual basis and lacking in justification."[7]

The Court finds that Defendants' fourth counterclaim for fraud and fraudulent non-disclosure was not filed without a plausible legal or factual basis and was not otherwise lacking in justification. Thus, the entire proceeding regarding Defendants' fourth counterclaim was not unwarranted.

The Court would further note that Mr. Mark's actions in no way unreasonably multiplied these proceedings. On the facts before the Court, it is apparent that Mr. Mark took proper steps to encourage the speedy and fair resolution of this case. Indeed, the most vexatious expenditure of the Court's time in this case has been necessitated by the unmerited filing of Plaintiff's Motion for Sanctions. For these reasons, the Court will deny Plaintiff's Motion.

In his Opposition, Mr. Mark asserts that "[b]ecause [he] had to incur substantial time and expense to oppose this Motion, the Court should award him the attorney's fees and costs associated with doing so."[8] In support of his assertion that such an award is proper, Mr. Mark cites to a case from another district that stands for the proposition that a cross motion is unnecessary to obtain sanctions for defending against a frivolous sanctions motion.[9] The case cited by Mr. Mark involved a motion for sanctions under Federal Rule of Civil Procedure 11. It is clear that in the context of a Rule 11 motion for sanctions a cross motion is not necessary for a

---

[7]*Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226-27 (7th Cir. 1984) (internal citations omitted).

[8]Docket No. 58, at 10.

[9]*See Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003).

respondent to be awarded fees in defending against a Rule 11 motion.[10] However, the Tenth Circuit has instructed that "significant substantive and procedural differences exist between Rule 11 and § 1927."[11] Therefore, the Court will decline Mr. Mark's invitation to grant him sanctions in this circumstance.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 (Docket No. 51) is DENIED. It is further

ORDERED that Mr. Mark's Ex Parte Motion for Leave to Submit Confidential Declarations in Opposition to Tetra's Motion for Sanctions for In Camera Review (Docket No. 57) is DENIED AS MOOT. The hearing currently scheduled in this matter for July 16, 2012, is hereby STRICKEN.

DATED   July 3, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *See Unified Container, LLC v. Mazuma Capital Corp.*, 2012 WL 918989, at *7-8 (D. Utah Mar. 16, 2012).

[11] *Hutchinson v. Pfeil*, 208 F.3d 1180, 1186 (10th Cir. 2000).